JANVIER, Judge.
This suit results from an intersectional collision which occurred at about 3:45 o’clock in the afternoon, on April 10, 1951, at the corner of Palm and Hamilton Streets, in New Orleans.
Ernestine Blank, wife of Lawrence Blank, was operating their Chevrolet Sedan on Hamilton Street, going in the direction of the Air Line Highway, and Roy Sewell, an employee of Montague Materials, Inc., was driving a Kaiser Sedan belonging to his employer on Palm Street, going towards the intersection of that street with Hamilton Street and a little further with another intersection of the Air Line Highway.
The Blank car sustained damage and Ernestine Blank was slightly injured in the accident.
The two streets intersect but not at an exact right angle. The Kaiser car, driven by Sewell, approached from the right side of the Blank car.
Lawrence Blank had secured from Fire & Casualty Insurance Company of Connecticut a policy of collision insurance under which that company agreed to pay all but the first $50 of the cost of repairing such damage as might be sustained by the Blank car as a result of collision, and, in accordance with the terms of the policy, *759 the said insurance company paid $94.20 which, together with $50 which Blank himself paid, represented the cost of repairing his car. When it made the payment, the said insurance company secured from Blank a subrogation pro tanto to any claim which he might have against anyone else as a result of the collision, and then Blank and his wife, Ernestine Blank, and the said insurance company brought this suit, praying for solidary judgment against Sewell, Montague Materials, Inc., and Employers Mutual Liability Insurance Company of Wisconsin, the liability insurance carrier of Montague Materials, Inc. Blank prayed for judgment for $50, representing that part of the cost which he had paid; Fire & Casualty Insurance Company of Connecticut prayed for judgment for $144.20, representing that part of the costs which it had paid, and Ernéstine Blank prayed for judgment for $105.80 for the injuries and suffering sustained by her.
The Board of Administrators of the Charity Hospital of New Orleans intervened and alleged that at the said hospital Ernestine Blank had received medical treatment arid medicines to the value of $17, and prayed that judgment be rendered in its favor against plaintiffs and all defendants in the sum of $17.
Plaintiffs allege that the accident was caused by the negligence of Sewell, acting within the scope of his employment by Montague Materials, Inc., in operating the Kaiser automobile at too high a rate of speed, and in driving to the left around a line of cars which were standing stationary on Palm Street waiting for the traffic semaphore light at the Air Line Highway to turn to green so that those cars might proceed.
They aver that, though there was a line of cars standing stationary on Palm Street, an opening or passage way had been left between two of the cars so that vehicles on Hamilton Street might proceed across the Palm Street intersection and that, as Ernestine Blank, after stopping before reaching the intersection, attempted to drive through that opening, Sewell, at a high rate of speed and coming around to the left of the stationary cars, crashed into the side of the Blank car, causing the damage and physical injuries already .referred to.
Defendants denied that Sewell drove around or to the left of the stationary cars, and aver that there were no other cars ahead of him or behind him; that the traffic semaphore light at the Air Line Highway was favorable so that’ he might proceed and that, therefore, there was no reason for a line of cars to be standing stationary in the roadway ahead of him, and that, after he had entered the intersection at a reasonable speed, Ernestine Blank drove into the intersection directly in front of him when the two cars were so close together that the car driven by Sewell could not be brought to a stop.
There was judgment dismissing the suit of plaintiffs as in case of nonsuit In that judgment no reference was made to the intervention of the Charity Hospital. From this judgment of nonsuit Blank and his wife, Ernestine Blank, and Fire &■ 'Casualty Insurance Company of Connecticut have appealed. No appeal-was taken'by the Charity Hospital and the appeal of plaintiffs has not been answered by the défend-ants.
Sewell sa.ys that he entered the intersection at a speed 'approximating 23 t-o" 27 miles an hour. He was asked: “Do yna know the speed set out by the City Ordinance as regards speeds in intersections, even though you were on a through street ?■” and, aft.er stating that he had such knowledge, he st-ated that the speed limit under those circumstances was “fifteen miles an hour.” He said that so far as he could “recall” there were no other cars ahead of him and that he could see that the traffic light at the Air Line Highway was favorable. At that point in his testimony, he said that he could see “probably three or four blocks down on each side,” meaning to his left and to his right on Hamilton Street. Later he said that the intersecting corner was “blind” and that therefore he could not see out Hamilton Street “very far,” but that he had crossed approximately two-thirds of the intersection when, for the first time, he noticed the car driven by *760 Ernestine Blank and that she was attempting to cross ahead of him.
Ernestine Blank says that she stopped before entering the intersection; that she saw a long line of stationary cars on Palm Street waiting for the change in the traffic light at the Air Line Highway and' that she saw that there was an open interval in the line through which she could cross Palm Street and continue' on Hamilton Street and that, after stopping, she had started her car and was in the intersection when the Sewell car appeared running along the left side of the line of stationary cars and crashed into the side of her car. She said: “He came on me like he came from out of the ground.”
There was one disinterested witness, Hilton Joshua. He said that he was about 15 or 20 feet from the crossing; that he saw the collision; that Ernestine Blank stopped her car before entering the intersection ; that there was a line of stationary cars on Palm Street; that there was an opening in this line through which Ernestine Blank attempted to drive her car, and that suddenly the Blank car was run into by the car driven by Sewell.
The record convinces us that the story told by Ernestine Blank and corroborated by Hilton Joshua is the correct one and that Sewell, at an excessive speed, either came out of the line of stationary cars, or attempted to get ahead of the first car in the line and that he drove his car into the Blank car while Ernestine Blank was attempting to manipulate it through the opening in the line of stationary cars on Palm Street.
Our conclusion is that the accident was caused solely by negligence on the part of Sewell.
While there is no evidence in the record to indicate whether or not Sewell was operating the car of his employer in the course and scope of his employment, in the absence of evidence to the contrary there is sufficient to justify the conclusion that he was operating the car in the course of his employment by Montague Materials, Inc. - The car belonged to his employer. He was on the way back to his place of employment and in the car were certain articles which he was returning to his employer’s place of business.
Our conclusion is that there is solidary liability in Sewell, his employer, Montague Materials, Inc., and Employers Mutual Liability Insurance Company of Wisconsin, the liability insurance carrier of his employer.
Since the judgment did not mention the name of the Charity Hospital of New Orleans, the necessary result is that the judgment must be considered as having dismissed that claim, and there is no appeal by the Charity Hospital. Consequently, there can' be no decree in favor of that institution.
The record shows that the cost of making the repairs to the Blank car was $144.20 and not $194.20 as alleged. Of this amount $50 was paid by Blank and the balance, $94.20, was paid by the Fire & Casualty Insurance Company of Connecticut.
There is little evidence as to the extent of the injuries of Ernestine Blank, but the evidence does show that she was taken to the Charity Hospital where she was treated. Under the circumstances, the amount claimed by her is most moderate.
Accordingly, it is ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed, and that there now be judgment in favor of Lawrence Blank, solidarily against Roy Sewell, Montague Materials, Inc., and Employers Mutual Liability Insurance Company of Wisconsin, in the sum of $50; that there be further judgment in favor of Fire & Casualty Insurance Company of Connecticut solidarily against Roy Sewell, Montague Materials, Inc., and Employers Mutual Liability Insurance Company of Wisconsin in the sum of $94.20, and that there be further judgment in favor of Ernestine Blank solidarily against Roy Sewell, Montague Materials, Inc., and Employers Mutual Liability Insurance Company of Wisconsin in the sum of $105.80, all at the cost of the said defendants.
Reversed.